**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0598-18T4

EVERETT MCGLOTTEN,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted February 10, 2020 – Decided April 28, 2020

Before Judges Sumners and Natali.

On appeal from the New Jersey State Parole Board.

Everett McGlotten, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Everett McGlotten, an inmate at South Woods State Prison, appeals the New Jersey State Parole Board's (the Board) August 29, 2018 final agency decision denying him parole and imposing a sixty-month Future Eligibility Term (FET). We affirm.

On July 20, 1988, a jury found McGlotten guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). The murder victim was shot in the back of the head by McGlotten's co-defendant in the victim's apartment, when McGlotten and the co-defendant accused him of stealing the co-defendant's drugs. On September 30, 1988, McGlotten was sentenced to an aggregate life term with a mandatory-minimum term of thirty years.

On January 13, 2018, McGlotten became eligible for parole for the first time. At his September 22, 2017 hearing, the parole officer referred the matter to a two-member Board panel.

McGlotten was denied parole by the two-member panel on November 2, 2017. In determining there was a substantial likelihood McGlotten would commit a new crime if he was released, the panel cited numerous reasons, including but not limited to: the facts and circumstances of the murder offense;

an extensive and increasingly more serious prior criminal record; the commission of numerous, persistent, and serious prison institutional infractions, four with the most recent one on September 7, 2004; insufficient problem resolution; lack of remorse for the victim; risk assessment evaluation; and lack of an adequate parole plan to assist in successful reintegration into the community. The panel also acknowledged several mitigating factors, including but not limited to: opportunities on community supervision completed without any violations; participation in institutional programs; favorable institutional adjustment; restored commutation time; and minimal custody status achieved and maintained. In addition, the panel requested a three-member Board panel establish a FET outside the presumptive twenty-seven-month limit. N.J.A.C. 10A:71-3.21(a)(1).

On January 24, 2018, the three-member panel confirmed denial of parole and established a sixty-month FET. About three months later, the panel set forth its reasoning in a nine-page written decision, essentially citing the same reasons for denial and recognizing the same mitigating factors as the two-member panel did when denying parole. The panel noted that with the applicable commutation time, earned work credits, and minimum custody credits, McGlotten's parole eligibility date is October 26, 2021.

McGlotten appealed to the full Board, which affirmed the panels' decisions for essentially the same reasons in an August 29, 2018 four-page written decision.

Before us, McGlotten argues:

POINT 1

THE PAROLE BOARD UTILIZED INCORRECT STANDARDS IN REENDERING ITS DECISION TO DENY PAROLE TO APPELLANT.

POINT 2

THE HEARING OFFFICER VIOLATED WRITTEN BOARD POLICY BY FAILING TO ESTABLISH A NEXUS BETWEEN THE REASONS FOR DENIAL AND THE CONCLUSION THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WILL COMMIT A CRIME UNDER THE LAWS OF THIS STATE IF RELEASED ON PAROLE AT THIS TIME.

POINT 3

THE BOARD PANEL DENIED APPELLANT HIS RIGHT TO PROCEDURAL DUE PROCESS DUE TO THE BOARD'S PANEL'S VIOLATION OF WRITTEN BOARD POLICY.

POINT 4

A BOARD MEMBER PARTICIPATING IN THE DELIBERATIONS OR DISPOSITION OF THE CASE HAS FAILED TO COMPLY WITH THE BOARD'S

4

PROFESSIONAL CODE OF CONDUCT. (NOT RAISED BELOW).

POINT 5

THE PAROLE BOARD UTILIZED SUBJECTIVE PSYCHOLOGICAL TERMS SUCH AS LACK OF INSIGHT, REMORSE, AND MINIMIZES CONDUCT AS THE BASIS TO DENY PAROLE RENDERING THE DECISION UNCONSTITUIONAL ON VAGUENESS GROUNDS

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). The Board's decision to grant or deny parole turns on whether "there is a substantial likelihood the inmate will commit" another crime if released. Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7-8 (App. Div. 2000). The Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002). The Board

can consider an inmate's lack of insight into what led him to commit an offense. Id. at 558-59.

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, N.J.A.C. 10:71-3.21(d) allows a three-member panel to establish a FET outside of the administrative guidelines if the presumptive twenty-seven-month FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

We have considered McGlotten's contentions and conclude they are without sufficient merit to warrant discussion in this opinion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

The Board's action is consistent with the applicable law, there is substantial credible evidence in the record to support its findings, and the Board reached conclusions based on relevant facts. The Board made extensive findings, which we need not repeat here, demonstrating the basis for its decision to deny McGlotten's parole. The Board provided multiple reasons for imposing a sixty-month FET, which is neither arbitrary nor capricious, and McGlotten

6

may actually be eligible to be released on parole in October 2021. Additionally, McGlotten did not argue before the Board that a member on the two-member panel acted unprofessionally during its hearing, thus we will not consider the argument because it is neither jurisdictional in nature nor do does it substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted). In sum, on this record, we have no reason to second-guess those findings or conclusions and thus defer to the Board's expertise in these matters.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0598-18T4